IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEE ROY JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO.: 2:17-cv-153-WKW-GMB |
| DARBY WRIGHT, | ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 17, 2017, Plaintiff Lee Roy Jones,[1] appearing *pro se*, filed a complaint against Defendant Darby Wright for alleged violations of his civil rights, which occurred during an altercation between Jones and Wright at Wind Creek Casino on September 20, 2015. Doc. 1.

On March 31, 2017, the court entered an order granting Jones leave to proceed *in forma pauperis*, but stayed service of the complaint because Jones had not alleged a plausible violation of his constitutional rights, had not established that the court had subject-matter jurisdiction over his claims, and had not complied with Rule 10 of the Federal Rules of Civil Procedure. Doc. 4. The court concluded that, for these reasons, Jones' complaint was due to be dismissed. Doc. 4. However, because Jones is a *pro se* party and because the court could not say that it would be impossible for Jones to allege sufficient facts to state a viable claim for relief, the court gave him leave to amend his

---

[1] The complaint was originally docketed as having been filed by Leeroy James, but the court granted the plaintiff's motion to change his name from Leeroy James to Lee Roy Jones. Docs. 1 & 6.

complaint no later than April 14, 2017 to correct the deficiencies outlined in the court's March 31, 2017 order. Doc. 4. In doing so, the court provided Jones with detailed instructions for amending his complaint, explaining:

> "As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (internal quotation marks omitted). The court will not refer to the original complaint to make an amended complaint complete, although the court will not ignore contradictory allegations between an original and amended complaint. Local Rule 15.1 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named in the caption and claims that are not realleged in the amended complaint may be deemed to have been voluntarily dismissed.
>
> [Jones'] amended complaint must contain a short, plain statement telling the court: (1) the constitutional, statutory, or legal right [Jones] believes was violated; (2) the specific basis of the court's jurisdiction; (3) the name of the defendant or defendants who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of [Jones'] rights or the law; and (6) what specific injury [Jones] suffered because of that defendant's conduct. [Jones] must repeat this process for each person or entity that he names as a defendant. [Jones] may include only one claim per count.

Doc. 4. The court concluded by cautioning Jones that his claims could be dismissed if he failed to comply with the court's order. Doc. 4.

Jones did not file an amended complaint by April 14, 2017. Instead, on April 24, 2017—more than one week after his deadline to amend had passed—Jones filed a motion for a new court date. Doc. 5. Although Jones' motion did not specify the new "court date" he was requesting, the court gave him a "final" opportunity to amend his complaint by May 5, 2017 to correct the deficiencies outlined in its March 31, 2017 order. Doc. 6. The court

2

again cautioned Jones that his failure to comply with this order could result in the dismissal of his case. Doc. 6.

Rather than file a proper amended complaint, on May 1, 2017, Jones filed a handwritten response to the court's April 25, 2017 order addressed to "whom it may concern." Doc. 7. On May 9, 2017, the court struck this filing from the record because it did not comply with the Federal Rules of Civil Procedure, the Local Rules and General Standing Orders of the court, and the court's prior orders. Doc. 8. Nevertheless, because Jones is a *pro se* party, the court gave him a second "final" opportunity to amend his complaint to comply with the court's prior orders, the Federal Rules of Civil Procedure, and the Local Rules and General Standing Orders of the court. Doc. 8. Jones' deadline to amend his complaint was May 24, 2017. Doc. 8. Again, the court warned Jones that his claims would be dismissed if he failed to comply with the court's order. Doc. 8.

On May 18, 2017, Jones filed an unsigned, handwritten response addressed to "Dear y'all." Doc. 9. This filing, like Jones' previous filings, fails to comply with the Federal Rules of Civil Procedure, the Local Rules and General Standing Orders of the court, and the court's prior orders. This filing does not inform the court of (1) the statutory, constitutional, or legal right that Jones believes was violated; (2) the specific basis of the court's jurisdiction; or (3) how the action or inaction of the defendant is connected to the violation of Jones' rights or the law. Further, not only is this filing submitted in an improper letter format, but it does not identify any specific causes of action, counts, or claims against Wright. This filing also does not comply with Rules 5.7 and 15.1 of the court's Local Rules and Rules 7, 8, 10, and 11 of the Federal Rules of Civil Procedure,

3

since there is no caption, no title, no numbered paragraphs, no discernable claims, no signature, and the filing is in letter format.

A "district court's power to control its docket includes the inherent power to dismiss a case." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 998 (11th Cir. 1983). Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal of a case is permitted "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Eleventh Circuit precedent holds that "[t]he legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotation marks omitted).

Jones submitted his most recent filing despite being given clear directions by the court on how to amend his complaint properly and how to access the applicable procedural rules from the court's website. Indeed, the court has given Jones three opportunities to amend his complaint, and each time Jones has failed to comply. This is sufficient to establish a clear record of delay and willful contempt. Moreover, the court's recommendation is that Jones' complaint be dismissed without prejudice, and given that Jones has repeatedly failed to amend his complaint properly, despite being given three opportunities to do so, the court finds that no lesser sanction will suffice, particularly where his *in forma pauperis* status indicates that a financial sanction would be ineffective.

Accordingly, the undersigned RECOMMENDS that Plaintiff Lee Roy Jones' complaint be DISMISSED WITHOUT PREJUDICE for failure to comply with the orders of the court.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **June 19, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 5th day of June, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE